## J. D. BRIGHT V. THE STATE.

No. 19663.  Delivered April 27, 1938.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was charged with violation of the local option liquor law, and upon trial fined $100.00.

Appellant first complains because the court failed to quash the complaint and information upon his motion because the same was vague, indefinite and unintelligible. The complaint and information, after the allegations relative to the adoption of the prohibitory statutes, alleged that "J. D. Bright did then and there unlawfully possess for the purpose of sale an alcoholic beverage, to-wit: whisky, more than one quart of whisky, in violation of said law," etc., his contention being that the inclusion of the phrase "an alcoholic beverage" goes beyond the statute which prohibits the possession of whisky for the pur-

pose of sale. We are unable to agree with this contention, and think that the inclusion of the complained of phrase neither adds to nor takes from the strength of the allegation; it can be treated as surplusage without doing violence to the rules of criminal pleadings; the appellant then stands charged with unlawfully possessing whisky, which we know to be intoxicating, for the purpose of sale.

Appellant's remaining contention is that the evidence fails to show that he possessed more than one quart of whisky to such an extent as to justify the court in charging on the prima facie presumption that such possession was prima facie evidence that same was possessed for the purpose of sale.

The facts show that the sheriff of that county and Mr. Lowe, a liquor inspector, were passing by appellant's place of business when the sheriff told Lowe to stop in front of such place of business, that he wanted to see a person in there, the sheriff afterwards testifying that he had no idea of trying to catch appellant in a violation of the law. Upon perceiving the sheriff, the appellant picked up a pitcher which looked to the sheriff to be of about a gallon capacity, and was half full of whisky. Appellant ran to the sink and turned on the water and began pouring the whisky in the sink. The sheriff ran to the sink and stopped the water from running and obtained about two-thirds of a half-gallon jar of whisky mixed with water which he had seen appellant pouring into the sink. He testified:

"It looked like a gallon pitcher and was about half full of whisky. There was more than a quart of whisky in the pitcher; it looked that way to me, from the amount in the sink. We got the whisky out of the sink; that's it in that jar there. It is mixed with water. That is a half-gallon jar and it is about two-thirds full. I think it contains more than a quart of whisky. That is all the whisky we got. * * * I know there was more than a quart of whisky in the pitcher."

Mr. Lowe testified that some of the whisky ran through the sink before they got the sink stopped up. That the pitcher from which the whisky was poured looked like a gallon pitcher.

The trial court properly charged the law relative to the facts produced upon the trial of this case, and the jury having passed upon such facts in the light of such charge, we find no error herein, and the judgment is accordingly affirmed.